IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 7:21-cv-00306 |
| | ) | |
| VIRGINIA POLYTECHNIC INSTITUTE | ) | By: Elizabeth K. Dillon |
| AND STATE UNIVERSITY, TIMOTHY SANDS, | ) | United States District Judge |
| and KATHRYN POLIDORO, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Jane Doe filed this suit against defendants Virginia Polytechnic Institute and

State University (Virginia Tech), the President of Virginia Tech, Timothy Sands, and the

Director of Title IX Compliance for Virginia Tech, Kathryn Polidoro, alleging that they violated

her civil rights in adjudicating a complaint against her for sexual assault.  (Compl. 2, Dkt. No. 1.)

Pending before the court is plaintiff Jane Doe's motion to proceed under a pseudonym (Dkt. No.

2) and a third-party motion to seal (Dkt. No. 6).[1]   Prior to the hearing on these motions, plaintiff

and the third-party movant reached a proposed agreement regarding the motion to seal, which the

court also considers.  For the reasons stated below, the court will deny plaintiff's motion to

proceed under a pseudonym and grant the third-party movant's motion to seal.

I.  BACKGROUND

**A.  Factual Background**

As alleged in the complaint, in August 2020, Jane Doe was enrolled as an undergraduate

---

[1] Plaintiff has also filed a motion for a preliminary injunction (Dkt. No. 3), which the court will address at a later time.

student at Virginia Tech, where she met another student, Jill Roe.[2] (Compl. 3.) Doe and Roe began a dating relationship. (*Id.*) Over the next few weeks, Doe and Roe went on multiple dates and spent a substantial amount of time together. (*Id.*) In September 2020, after a night out, Roe asked Doe to spend the night at her apartment where the two engaged in sexual activity. (*Id.* at 7.) The next day, Roe accused Doe of taking advantage of her. (*Id.* at 8.) Roe then filed a complaint with the Virginia Tech Office of Equity and Accessibility, alleging that Doe sexually assaulted her at an off-campus apartment after a night out drinking. (*Id.* at 8.) An investigator with the university, Kristin Barnett, investigated Roe's complaint. (*Id.* at 8–9.)

During the investigation, Barnett opened a second case against Doe involving a claim by Doe's freshman roommate, Joy Smith.[3] (*Id.* at 13.) Smith alleged that, during the prior year, she and Doe had a sexual relationship and Doe engaged in nonconsensual sexual activity with Smith. (*Id.* at 14.) Smith became acquainted with Roe, and she filed her complaint against Doe shortly after Roe filed her own complaint against Doe. (*Id.*)

"[I]n 2020, the Department of Education had passed a new set of laws strengthening the rights of accused students in cases involving sexual harassment or gender-based violence." (*Id.* at 11.) Doe asserts that these new Title IX regulations apply to all school educational programs or activities, whether they occur on-campus or off-campus. (*Id.* at 12.) However, Virginia Tech adopted a "Policy on Harassment, Discrimination, and Sexual Assault (1025)," whereby the new Title IX regulations apply only to "on-campus incidents and off-campus incidents that cause continuing effects on campus." (*Id.* at 13.) Moreover, Virginia Tech's Student Code of Conduct outlines a process whereby "[f]ormal complaints of sexual harassment

---

[2] The court has adopted Jill Roe as a pseudonym for this individual to preserve her anonymity.

[3] The court has adopted Joy Smith as a pseudonym for this individual to preserve her anonymity.

and/or gender-based violence should be reported to the university's Title IX Coordinator . . . to determine whether a complaint falls within the scope of Title IX, as defined by the federal Department of Education, or under the policies in Virginia Tech's Student Code of Conduct." (*Id.* at 12–13.)  Defendant Kathryn Polidoro is tasked with reviewing complaints to determine whether the Title IX regulations or Virginia Tech's Student Code of Conduct apply to the claim. (*Id.* at 13.)

On November 18, 2020, investigator Barnett finished her investigation and report of Roe's allegations against Doe and forwarded her report to Polidoro.  (*Id.* at 15.)  Investigator Barnett never made a report on Smith's allegations against Doe, but Barnett included Smith's allegations as "related conduct" in the report on Roe's claims.  (*Id.* at 16.)  After reviewing the report, Polidoro decided that the Virginia Tech Student Code of Conduct, rather than the new Title IX regulations, would be used to adjudicate Roe's claim against Doe.  (*Id.*)

Doe's case proceeded to a formal hearing under the Virginia Tech Student Code of Conduct.  (*Id.* at 16.)  On December 4, 2020, Steve Schuh, Assistant Director of Student Conduct at Virginia Tech, met with Doe to review the formal hearing process.  (*Id.* at 17.)  Schuh informed Doe that she was being charged with four counts: Sexual Violence – Rape; Sexual Violence – Sexual Battery; Sexual Violence – Sexual Assault; and Gender-Based Stalking.  (*Id.*) In addition, Virginia Tech assigned, Ennis McCrery and Shanai Sloan, two members of the Office of Student Conduct, to adjudicate the charges at the hearing.  (*Id.*)

On January 13, 2021, Virginia Tech held a formal hearing on the claims against Doe. Doe appeared at the hearing represented by counsel.  (*Id.* at 17.)  Although Schuh had ensured Doe that the hearing would address only Roe's claims and not Smith's claims, Smith was called

as a witness at the hearing and permitted to speak about her own allegations against Doe.  (*Id.* at 18.)  Doe and her counsel were not permitted to cross-examine Roe or her witnesses.  (*Id.*)

On January 20, 2021, Doe received a letter from McCrery and Sloan stating that they found Doe responsible for violating Virginia Tech's policies on rape and sexual battery, and not responsible for assault or stalking.  (*Id.* at 19.)  In addition, Doe was dismissed from the university.  (*Id.*)  Doe filed an appeal of the decision, which was denied.  (*Id.*)

**B.  Procedural Background**

On May 17, 2021, Doe filed suit against Virginia Tech, Sands, and Polidaro alleging that they violated: (1) the Due Process Clause of the Fourteenth Amendment; and (2) Title IX.  (*Id.* at 21–25.)  Specifically, Doe argues that Virginia Tech should have adjudicated Roe and Smith's allegations separately and should have applied the Title IX procedures to the adjudication.  In addition, Doe claims that "Virginia Tech's decision to render the harshest available sanction against Ms. Doe – expulsion – is significantly harsher than comparably similar student conduct cases involving male students accused of sexual assault involving heterosexual activity at Virginia Tech, who were on average suspended, but not expelled.  (*Id.* at 24.)

Plaintiff Jane Doe has filed a motion for leave to proceed under a pseudonym and for a protective order to prohibit defendants from disclosing her identity, given the sensitive and personal nature of her claims.  (Dkt. No. 2.)  Defendants oppose Doe's request to proceed under a pseudonym because Doe lists other Virginia Tech students, Jill Roe and Joy Smith, by name in her complaint.  (Dkt. No. 14.)  Further, Doe includes photographs of herself and Roe in the complaint, eliminating any anonymity.  (*Id.*)  Finally, defendants argue that Doe does not meet the *James* factors for anonymity.  (*Id.*)

In addition, a third-party has filed an emergency motion to seal certain documents in the case to protect the anonymity of Jill Roe and Joy Smith, who are named multiple times in the complaint and other filings.  (Dkt. No. 6.)  The third party seeks an order directing Doe to file amended pleadings which anonymize the names of the victims of Doe's alleged misconduct.  (*Id.*)  Doe initially objected to the motion to seal (Dkt. No. 13), but she later reached an agreement to allow sealing of certain documents and filing amended pleadings to anonymize the name and identity of Roe and seal photographs.  Of course, that is a matter for the court to decide.

Finally, Doe has filed a motion for a preliminary injunction to require Virginia Tech to lift Doe's expulsion and readmit her to the university so that she may complete her degree.  (Dkt. No. 3.)  Defendants have filed a motion for an extension of time to respond to the preliminary injunction pending resolution of the pseudonym issue which has resulted in multiple documents being sealed.  (Dkt. No. 11.)  The court granted defendants motion for an extension (Dkt. No. 12), and that motion was not the subject of this hearing.

The hearing on the motion to proceed under a pseudonym and motion to seal was notice on July 29, 2021, for a hearing on August 27, 2021.  Plaintiff's counsel notified the court of a conflict, so a notice rescheduling the hearing for September 2, 2021, was entered on August 27, 2021.  On September 2, 2021, the court held a hearing on the motions.  Plaintiff's counsel failed to appear.  Thus, the court considers plaintiff's briefing without the benefit of any oral argument on behalf of plaintiff.

## II.  DISCUSSION

### A.  Pseudonyms

There is a general presumption of openness in federal court that requires parties to

proceed by name.  *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); Fed. R. Civ. P. 10(a)

(stating that "in the complaint the title of the action shall include the names of all parties"); Fed.

R. Civ. P. 17(a) (requiring that an action "be prosecuted in the name of the real party in

interest").  However, "the general presumption of openness of judicial proceedings . . . operates

only as a presumption and not as an absolute . . . ."  *Id.*  "[U]nder appropriate circumstances

anonymity may, as a matter of discretion, be permitted."  *Id.*  "This simply recognizes that

privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses

should be allowed this rare dispensation."  *Id.*  "A necessary corollary is that there is a judicial

duty to inquire into the circumstances of particular cases to determine whether the dispensation is

warranted."  *Id.*

   "The decision whether to permit parties to proceed anonymously at trial . . . [is]

committed in the first instance to trial court discretion."  *Id.*  When determining whether to allow

a party to proceed by a pseudonym courts consider the following factors: (1) whether the

justification asserted by the requesting party is merely to avoid the annoyance and criticism that

may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal

nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the

requesting party or even more critically, to innocent non-parties; (3) the ages of the persons

whose privacy interests are sought to be protected; (4) whether the action is against a

governmental or private party; and (5) the risk of unfairness to the opposing party from allowing

an action against it to proceed anonymously.  *Id.* (collecting cases).  "Not all of these factors may

be relevant to a given case, and there may be others that are."  *Doe v. Virginia Polytechnic Inst.

& State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (citing

*James*, 6 F.3d at 238).

Recently, in *Doe v. Virginia Polytechnic Inst. & State Univ.*, the undersigned held that a student may proceed under a pseudonym where he sued Virginia Tech for violations of his due process rights related to the university's investigation of allegations of dating-related violence against him. *Id.* The court reasoned that the litigation was "'a matter of sensitive and highly personal nature' because [the plaintiff was] an accused perpetrator of domestic violence." *Id.* at *3. "Like sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule." *Id.* (citing *James*, 6 F.3d at 238; *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) ("There can be no doubt that the litigation here focuses on a matter of sensitive and highly personal nature. Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule.")). In addition, the court noted that "Doe's identification may put him at risk for physical or mental harm by persons who know that he has been found responsible for domestic violence" and anonymity would not prejudice Virginia Tech because the university already knew Doe's identity. *Id.* at *3–5.

Here, and unlike the case discussed above, the *James* factors weigh in favor of identifying the plaintiff but allowing the third-party students named in the complaint to proceed under pseudonyms. This case deals with a matter of a sensitive and highly personal nature because it involves allegations of sexual assault by one female student against another female student in a same-sex relationship. But it appears plaintiff in this case is not seeking to preserve her own privacy in any legitimate way. Instead, she seeks privacy while naming two non-parties—one is named approximately 91 times and the other approximately 36 times—who assert that they are plaintiff's victims. Moreover, plaintiff imbedded photographs of herself and one of the non-parties in the complaint.

As this court has stated previously, "… the trial court must 'carefully review all the circumstances of [the] case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.* (quoting *Doe v. Pittsylvania Cnty., Va.*, No. 4:11-cv-43, 2012 U.S. Dist. LEXIS 13618, at *3, 2012 WL 379554 (W.D. Va. Feb. 3, 2012) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).  Given the fact that plaintiff decided to name others repeatedly and include photographs of herself and another, the court cannot, and does not, find that her motion to proceed under a pseudonym is genuinely for the purpose of preserving her privacy or avoiding retaliatory harm.  Given this finding, the other factors need not be considered.

**B.  Motion to Seal**

"[I]n determining whether to seal judicial records, a judicial officer 'must consider alternatives to sealing the documents' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal."  *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 294 (4th Cir. 2013) (quoting *Media Gen. Operations, Inc. v. Buchanan,* 417 F.3d 424, 429 (4th Cir. 2005)). "Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review."  *Id.* (*Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004)).

Here, the third-party motion to seal requests that the court seal the complaint and other documents that reveal the third party's identity and order the parties to file amended pleadings which anonymize the names of the third party. [4]  (Dkt. No. 6.)  The request is that the documents

---

[4] While the third-party motion, seeking anonymity and sealing, was only brought by one third-party victim named in the complaint, the motion asserts that the other third-party victim agrees to the same.  Thus, the court will consider whether to anonymize both third-party victims named in the complaint.

be redacted with the use of pseudonyms for the two non-parties and sealing of the now-imbedded photographs.  Thus, the public will still have access to most of the information in the sealed documents in the amended pleadings.

The third parties are named in a highly sensitive and personal matter; they did not voluntarily disclose their identities by including photographs of themselves in any pleading; there is a risk of harm to them as non-parties by being known as persons who asserted that they were victims of sexual violence; they have an interest in not having their sexual orientations publicized without their consent; they were college students at the time; and defendants are not prejudiced as they know the identities of the third parties.  Accordingly, the court will grant the third-party motion to seal.

## III. CONCLUSION

For the reasons stated above, the court will deny plaintiff's motion to proceed by pseudonym (Dkt. No. 2) and grant the third-party motion to seal (Dkt. No. 6).  The court will enter an appropriate order.

Entered: January 6, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge